IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | |
| --- | --- | --- |
| | : | CRIMINAL ACTION |
| v. | : | 15-00049 |
| | : | |
| JEROME WILSON | : | CIVIL ACTION |
| | : | 18-4609 |

August 26, 2019                                                                                          Anita B. Brody, J.

## MEMORANDUM

Currently before me is Jerome Wilson's pro se Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. For the reasons set forth below, I will deny Wilson's § 2255 motion.

## I. BACKGROUND

On February 10, 2015, a grand jury in the Eastern District of Pennsylvania returned an indictment charging Wilson with two counts of bank robbery under 18 U.S.C. § 2113(a), and one count of attempted bank robbery under 18 U.S.C. § 2113(a). During each crime, Wilson entered a bank in the Philadelphia region, and handed the teller a note demanding cash. One of the notes read: "This is a hold up, enty draws [sic] now or else!!" While the tellers at two of the banks gave Wilson money, the teller at the third bank refused, and Wilson left without receiving cash. On May 20, 2015, Wilson pleaded guilty before me to all three counts charged in the indictment.

The presentence report ("PSR") recommended that Wilson be classified as a career offender because § 2113(a) was a "crime of violence" under the Federal Sentencing Guidelines, and Wilson had two prior convictions under that statute. It also recommended that Wilson receive a "threat of death" enhancement. Application of the career-offender enhancement

1

increased Wilson's criminal history category from IV to VI and his total offense level from 27 to 32. Because the PSR also recommended that Wilson receive a 3-level downward adjustment of his offense level for acceptance of responsibility, his total recommended offense level was 29. The resulting Federal Sentencing Guidelines range was 151 to 188 months.

Wilson objected to being classified as a career offender, arguing that § 2113(a) was not a "crime of violence." After supplemental briefing on the issue, this Court determined that § 2113(a) was a "crime of violence" under the Guidelines because a conviction under § 2113(a) requires the "use, attempted use, or threatened use of force." *See* ECF No. 36.

This Court also applied the threat-of-death enhancement. However, this did not increase the total offense level beyond 29—the offense level resulting from the career-offender enhancement. Accordingly, this Court adopted the PSR and determined the Guidelines range to be 151 to 188 months. On August 16, 2016, this Court sentenced Wilson to 151 months' imprisonment, three years of supervised release, restitution of $3,122, and a special assessment of $300.

Wilson appealed his sentence. On appeal, Wilson challenged this Court's application of both the career-offender enhancement and the threat-of-death enhancement. On November 7, 2017, the Third Circuit rejected both of Wilson's arguments and affirmed this Court's sentencing order. The Third Circuit held that "bank robbery by intimidation, as set forth in § 2113(a), categorically qualifies as a crime of violence" under the Guidelines. *United States v. Wilson*, 880 F.3d 80, 88 (2018). Therefore, "the District Court was correct to apply the career-offender enhancement." *Id.* Additionally, the Third Circuit held that application of the threat-of-death enhancement was not plain error[1] because "the threat-of-death enhancement did not affect

---

[1] The Third Circuit applied the plain error standard because Wilson did not object to the threat-of-death enhancement at sentencing. *Wilson*, 880 F.3d at 88.

2

[Wilson's] sentence." This was because "the District Court correctly applied the career-offender enhancement, and the threat-of-death enhancement did not increase Wilson's sentence beyond the sentence mandated by the career-offender enhancement." *Id.*

On October 25, 2018, Wilson filed his Pro Se Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence.

## II. STANDARD OF REVIEW

Section 2255 empowers a court to "vacate, set aside or correct" a sentence that "was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). "A section 2255 petition is not a substitute for an appeal, nor may it be used to relitigate matters decided adversely on appeal." *Gov't of Virgin Islands v. Nicholas*, 759 F.2d 1073, 1074-75 (3d Cir. 1985) (citation omitted). If a party is entitled to relief under § 2255(a), "the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." *Id.* § 2255(b). A petitioner is entitled to an evidentiary hearing unless the motion, files, and records of the case show conclusively that the petitioner is not entitled to relief.[2] *Id.*

## III. DISCUSSION

Wilson contends he is entitled to relief because his trial counsel rendered ineffective assistance of counsel.

In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court established the legal framework for determining Sixth Amendment claims of ineffective assistance of counsel. *Strickland* sets forth a two-part test for claims of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not

---

[2] Wilson is not entitled to an evidentiary hearing because the record conclusively establishes that his claims are not meritorious.

3

> functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland*, 466 U.S. at 687. "Under *Strickland*'s first prong, a court must determine whether, in light of all the circumstances, the identified acts or omissions of counsel were outside the range of professionally competent assistance." *Grant v. Lockett*, 709 F.3d 224, 234 (3d Cir. 2013). A court's evaluation of an attorney's performance must be "highly deferential." *Strickland*, 466 U.S. at 689. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* (internal quotation marks omitted). The second prong of *Strickland*, prejudice, requires a petitioner to show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

Accordingly, "[t]here can be no Sixth Amendment deprivation of effective counsel based on an attorney's failure to raise a meritless argument." *United States v. Sanders*, 165 F.3d 248, 253 (3d Cir. 1999).

Wilson argues that his trial counsel was ineffective in two ways. Wilson contends that his trial counsel was ineffective for failing to prove that Wilson did not commit a crime of violence. Additionally, Wilson argues that his counsel was ineffective for failing to argue that the threat-

4

of-death enhancement was improper. For the reasons discussed below, his claims do not provide a basis for relief.[3]

### A. Application of the Career Offender Enhancements (Grounds Two and Four)

Wilson argues that his trial counsel was ineffective for failing to prove that Wilson did not commit a crime of violence.

On appeal, Wilson raised this exact issue, and challenged this Court's finding that bank robbery was a "crime of violence." The Third Circuit rejected Wilson's argument and affirmed this Court, holding that "bank robbery by intimidation, as set forth in § 2113(a), categorically qualifies as a crime of violence under § 4B1.2(a)'s 'elements' clause." *Wilson*, 880 F.3d at 88. Because the Third Circuit already rejected Wilson's argument on direct appeal, counsel cannot be ineffective for failing to win this meritless argument.[4]

### B. Two-Level Enhancement for Threat of Death (Grounds One and Three)

Wilson argues that the threat-of-death enhancement was improperly applied because the phrase "or else" on the note he handed to one of the bank tellers was not unambiguously a threat of death. He also argues that his trial counsel was ineffective for failing to object to the threat-of-death enhancement. When this Court applied the threat-of-death enhancement to Wilson's sentence, this made no difference to his sentence because it did not increase the total offense level beyond 29—the offense level resulting from the properly-applied career-offender enhancement.

---

[3] Wilson also argues that this Court made two errors, and that this is grounds for relief. However, these errors were raised in Wilson's direct appeal and were already rejected by the Third Circuit. *See Wilson*, 880 F.3d at 83-88.

[4] Wilson contends that the intimidation element of § 2113(a) could not have been met without a statement from the bank teller as to whether she felt intimidated. However, intimidation under § 2113(a) is determined under an objective standard. *Wilson*, 880 F.3d at 85.

5

Accordingly, the Third Circuit held that this Court did not commit plain error in applying the enhancement, because doing so had no impact on Wilson's sentence. *Wilson*, 880 F.3d at 88. Because applying the enhancement did not affect Wilson's sentence, Wilson cannot establish the prejudice prong of the *Strickland* standard, and his ineffective assistance of counsel argument fails.

## IV. CONCLUSION

For the reasons set forth above, I will deny Wilson's pro se Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. There is no basis for the issuance of a certificate of appealability.[5]

_____
ANITA B. BRODY, J.

Copies **VIA ECF** on _____ to:     Copies **MAILED** on 08-26-2019 to:
Jerome Wilson, Deft.

---

[5] A court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Wilson has not shown that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong.

6